**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YASMIN NISANOV, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>        -against-<br><br>ALLTRAN FINANCIAL, LP,<br><br>        Defendant. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff YASMIN NISANOV (hereinafter, "Plaintiff"), a New York resident, brings this action complaint by and through her attorneys, Joseph H. Mizrahi Law, P.C., against Defendant ALLTRAN FINANCIAL, LP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

6. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in Houston, Texas.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to

collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")

Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers from whom Defendant improperly required a dispute to be in

  writing in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is

  impracticable because there are hundreds and/or thousands of persons whom Defendant

  has improperly denied the right to dispute a debt in violation of specific provisions of the

  FDCPA.

- There are questions of law and fact which are common to the Class and which

  predominate over questions affecting any individual Class member.  These common

  questions of law and fact include, without limitation:

  a.    Whether Defendant violated various provisions of the FDCPA;

  b.    Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c.    Whether Plaintiff and the Class have sustained damages and are entitled to

  restitution as a result of Defendant's wrongdoing and if so, what is the proper measure

  and appropriate statutory formula to be applied in determining such damages and

  restitution; and

  d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts

and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **ALLEGATIONS OF FACT**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

16. Defendant was attempting to collect on Plaintiff's purportedly overdue account with Touro College.

17. In an effort to begin collecting on this debt, on or about January 10, 2018, Defendant sent Plaintiff a collection letter.

18. Thereafter, on or around January 23, 2018, Plaintiff called Defendant to inquire about the alleged debt.

19. A representative of Defendant answered the phone and identified himself as Mr. "Daryl."

20. During that phone call, Plaintiff authorized her husband (hereinafter "Plaintiff"), to discuss the status of the debt with Defendant.

21. After taking steps to find the account, Defendant stated an amount owed of $2100.00.

22. Plaintiff thereafter stated that she disagreed with the balance and wanted to dispute the debt.

23. In response, Defendant stated that "You would actually dispute it [directly] with Touro...it's not us that the debt is with, it's with Touro College."

24. Plaintiff then remarked, "You're the debt collector, I can't dispute it with debt collector?" to which Defendant affirmatively responded, "No."

25. As set forth in the following Counts Defendant violated the FDCPA.

**<u>First Count</u>**
**15 U.S.C. §1692e *et seq.***
**<u>False and Misleading Representations</u>**

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e) by using false, deceptive, and misleading representations in connection with the collection of a debt.

28. Defendant violated said section by not accepting Plaintiff's dispute over the phone.

29. Defendant further violated same by falsely stating that in order to dispute the debt, Plaintiff would have to send something in writing.

30. The FDCPA allows the consumer to orally dispute a debt.[1]

31. The FDCPA allows the consumer to orally dispute a debt for no reason at all.[2]

32. As the Second Circuit opined, "a debt collector cannot require a consumer to have a valid reason or to submit particular types of documentation in order to dispute a debt." *DeSantis v. Computer Credit, Inc*., 269 F.3d 159, 162 (2d Cir. 2001).

33. Plaintiff was misled into believing that there was no way to dispute this debt over the phone with Defendant.

34. Plaintiff was misled into believing that a dispute must occur directly with the Creditor.

35. Upon information and belief, Defendant and its employees wrongfully stated to Plaintiff that he could not orally dispute the debt with Defendant.

---

[1] It is well settled that § 1692g(a)(3) does not impose a writing requirement on a consumer., See. *Register v. Reiner, Reiner & Bendett, P.C*., 488 F.Supp.2d 143 (D.Conn. 2007), *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, 464 F.Supp.2d 720 (N.D. Ohio 2006), *Baez v. Wagner & Hunt, P.A*., 442 F.Supp.2d 1273 (S.D.Fla. 2006), *Turner v. Shenandoah Legal Group, P.C*., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), *Vega v. Credit Bureau Enters*., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), *Nasca v. GC Servs. Ltd. P'ship*, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), *In re Risk Mgmt. Alternatives, Inc*., Fair Debt Collection Practices Act Litig., 208 F.R.D. 493  (S.D.N.Y. June 14, 2002), *Sambor v. Omnia Credit Servs., Inc*., 183 F.Supp.2d 1234 (D.Haw. 2002), *Sanchez v. Robert E. Weiss, Inc*., 173 F.Supp.2d 1029 (N.D. Cal. 2001), *Castro v. ARS Nat'l Servs., Inc*., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Ong v. Am. Collections Enter*., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), *Reed v. Smith, Smith & Smith*, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), *Harvey v. United Adjusters*, 509 F.Supp.1218 (D.Or. 1981), *Semper v. JBC Legal Group*, 2005 WL 2172377 (W.D. Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed.  *Matter of Sommersdorf*., 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); *Ditty v. CheckRite*, Ltd., 973 F.Supp. 1320, 1331 D.Utah 1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the debt collector's assumption of validity.), See. *Rosado v. Taylor*., 324 F. Supp. 2d 917 (N.D. Ind. 2004). (The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the collector from considering the debt valid. The court noted that oral disputes overcome the assumption of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if reporting the debt to third parties.
[2] *Sambor v. Omnia Credit Servs*., 183 F. Supp. 2d 1234 (D. Haw. 2002), *Mendez v. M.R.S. Assoc*., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), *Whitten v. ARS National Servs. Inc*., 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a `valid' reason to dispute the debt is inconsistent with FDCPA), *Castro v. ARS National Servs., Inc*., 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Frey v. Satter, Beyer & Spires*., 1999 WL 301650 (N.D. Ill. May 3, 1999), *DeSantis v. Computer Credit, Inc*., 269 f.3d 159 (2nd Cir. 2001), *Mejia v. Marauder Corporation*., 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute).

36. Upon information and belief, Defendant and its employees, wrongfully stated to Plaintiff that he could only dispute the debt directly with the Creditor.

37. Upon information and belief, Defendant and its employee, by intentionally denying Plaintiff and any other debtor to dispute the debt orally unfairly intimidate and force debtors in to paying disputed debts.

38. Defendant's employee who spoke with Plaintiff intended to speak said words to Plaintiff.

39. The acts and omissions of Defendant and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

40. Upon information and belief, Defendant and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt contrary to the FDCPA.

**Second Count**
**15 U.S.C. §1692g and §1692e *et seq.***
**Failure to Adequately and Honestly Convey the Amount of the Debt**

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

43. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

44. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly and accurately from the perspective of the least sophisticated consumer.

45. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated

consumer to determine the minimum amount he or she owes at the time of the notice.

46. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

47. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

48. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

49. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

51. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non- enumerated practice.

52. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

53. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

54. The Letter stated in pertinent part:

> As of the date of this letter you owe the total balance due reflected above. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. As a result, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will contact you.

55. The Letter failed to inform Plaintiff whether the amount listed is the actual amount of debt due.

56. The Letter failed to adequately inform Plaintiff whether the amount listed will increase.

57. The Letter failed to inform Plaintiff what "other charges" might apply.

58. The Letter failed to inform Plaintiff if "other charges" are applied, when such "other charges" will be applied.

59. The Letter failed to inform Plaintiff if "other charges" are applied, what the amount of those "other charges" will be.

60. The Letter failed to inform Plaintiff of the nature of the "other charges."

61. The Letter failed to inform Plaintiff if there is "interest," what the amount of the accrued interest will be.

62. The Letter failed to inform Plaintiff if there is "interest," when such interest will be applied.

63. The Letter failed to inform Plaintiff if there is "interest," what the interest rate is.

64. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per day.

65. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per week.

66. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per month.

67. The Letter failed to inform Plaintiff if there is "interest," the amount of money the amount listed will increase per any measurable period.

68. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

69. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

70. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the Letter.

71. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

72. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

73. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

74. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

75. If "other charges" are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the "other charges."[3]

76. The Defendant's failures are purposeful.

---

[3] *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), *Balke v. All. One Receivables Mgmt*., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in *Carlin*, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.") consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

77. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

78. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what "other charges" might apply.

79. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such "other charges" will be applied.

80. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

81. The Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

82. The Letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

83. Defendant's conduct constitutes a false, deceptive, and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

84. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

85. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

86. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

87. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

88. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

89. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

90. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

91. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

92. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

93. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

94. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

95. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Sections 1692g and 1692e, *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Joseph H. Mizrahi, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
300 Cadman Plaza W, 12th Floor
Brooklyn, New York 11201
Phone: (917) 299-6612
Fax:    (718) 425-8954
Email: Joseph@Jmizrahilaw.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:     Brooklyn, New York
           February 7, 2018